(No. 38504.— )

Louis Bruno *et al.*, Appellants, *vs.* The Industrial Commission *et al.*—(Florence L. Schwartz *et al.*, Appellees.)

*Opinion filed Sept. 29, 1964.—Rehearing denied Nov. 23, 1964.*

Director, Liebenson, Raszus & Sachs, of Chicago, (Sidney Z. Karasik, of counsel,) for appellants.

Ronan and Cunningham, of Chicago, (E. T. Cunningham, of counsel,) for appellees.

Mr. Justice Solfisburg delivered the opinion of the court:

This appeal is by the employers, plaintiffs, from judgment of the circuit court of Cook County affirming the decision of the Industrial Commission which previously had affirmed an award of the arbitrator for fatal injuries in favor of the defendant, the claimant widow. The appeal is directly to this court pursuant to Supreme Court Rule 28—1.

Helge Schwartz a part-time janitor for the apartment owner-employers, left his apartment in the building to perform janitorial duties shortly after 8:00 A.M. on Novem-

ber 30, 1959. He was found dead on top of the coal in the coal bin of said apartment building between 9:00 and 9:30 A.M. by Lucille Bruno. Although there was no eyewitness to any janitorial duties performed by Helge Schwartz that morning, his usual duties consisted of taking clinkers out of the furnace, keeping the steam up, loosening the coal with a hoe, and shoveling coal when the stoker apparatus did not function. He also took garbage cans to the basement and burned garbage and timbers. The claimant testified that prior to his death, the decedent appeared to be listless, tired, pale and breathed "funny". At the time of trial decedent's treating physician was in Africa. The only doctor to testify was a nontreating physician called by the claimant, who stated that the performance of the duties listed in a hypothetical question might or could have caused or have been responsible for the death from a cardiac condition.

The arbitrator had made the award on the basis that the death resulted from a compensable heart attack under the Workmen's Compensation Act. It is the contention of the employers that there was a total failure of proof that decedent's death arose out of his employment; that the award is against the manifest weight of the evidence; and that the hypothetical question to a nontreating physician included facts not in evidence.

The questions to be decided are fact questions and in their briefs both parties have traced the case evolution of cardiac cases in Illinois and have attempted to distinguish or to point out the analogies of the facts in other Illinois heart cases. As was pointed out in *Clifford-Jacobs Forging Co.* v. *Industrial Com.* 19 Ill.2d 236, at page 245, "The Industrial Commission determines the facts. It is within its sphere to draw reasonable inferences and conclusions from competent evidence, both direct and circumstantial. This court will not weigh conflicting evidence and substitute its judgment for that of the commission. Our function is to determine whether the finding of the commis-

sion is clearly against the manifest weight of the evidence. This court will not discard permissible inferences drawn by the commission merely because it might have drawn other inferences from the facts. *Fluor Corp.* v. *Industrial Com.* 398 Ill. 616."

After careful examination of the record we cannot agree with the contentions of the employers and, although the evidence is contradictory, there is sufficient evidence upon which to base the award. Likewise we cannot say that the award is against the manifest weight of the evidence. It is unnecessary in order to recover that the claimant negate every possible cause of death other than an injury arising out of the employment, where a legitimate inference from the evidence is that death was from injury that arose out of employment. (*Town of Cicero* v. *Industrial Com.* 404 Ill. 487.) We have also examined the hypothetical testimony of the claimant's medical expert in response to the hypothetical question and find that it was proper.

The judgment of the circuit court of Cook County, affirming the award of the Industrial Commission, is affirmed.

*Judgment affirmed.*