(No. 38699.—

NATIONAL MALLEABLE & STEEL CASTINGS CO., Appellant, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(DOROTHY HATCHETT, Appellee.)

*Opinion filed January 21, 1965.—Rehearing denied March 17, 1965.*

ROBERT H. JOYCE, JOHN J. GILL, and SEYFARTH, SHAW, FAIRWEATHER & GERALDSON, of Chicago, for appellant.

ROSENBAUM & ROSENBAUM, and SCOTT VITELL, both of Chicago, (SIDNEY Z. KARASIK, of counsel,) for appellee.

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

This is an appeal from an order of the circuit court of Cook County affirming the decision of the Industrial Commission finding that the decedent, Morris Hatchett, sustained accidental injuries arising out of and in the course of his employment by National Malleable & Steel Castings Co., and that the petitioner, Dorothy Hatchett, as widow of Morris Hatchett, deceased, was entitled to an award. The appeal comes directly to this court under Supreme Court Rule 28—1 A(e).

It was stipulated that decedent and respondent were operating under the provisions of the Workmen's Compensation Act and that the relationship of employee and employer existed on March 10, 1961. It was further stipulated that the questions in dispute were whether the decedent sustained accidental injuries which arose out of and in the course of his employment, resulting in his death, and whether proper notice of such alleged accident and death was given the respondent. The stipulation specifically placed in issue the question of the existence of a causal relation-

ship between the death of the decedent and his alleged accident at work.

Morris Hatchett had been employed by National Malleable & Steel Castings Co. for approximately 21 years. He was classified as a "swing grinder" and usually worked 8 hours a day, sometimes more and sometimes less. Some weeks he would work 4 to 5 days and during other weeks he might work only 3 days. During the period prior to his death, Hatchett's department worked 3 and 4 days a week. The deceased would do swing grinding for 4 hours, do piece work 2 or 3 hours or whatever else was to be done.

On March 9, 1961, Morris Hatchett worked 10 hours. On March 10 Hatchett reported for work at 5:00 A.M. According to the first aid department's records, he reported to the company's first aid department and complained of pain across the chest and in both arms. Decedent's brother, Fred Hatchett, was called to the first aid department and took him home at 7:20 or 7:25 A.M. None of the witnesses saw him performing any work on March 10.

According to Dorothy Hatchett, the widow of Morris Hatchett, her husband had pains in his chest and shortness of breath for about 4 or 5 days prior to March 10, 1961, the date of the alleged accident. Hatchett and his wife, on the afternoon of March 10, 1961, went to the West Town Medical Center, where he was seen by Dr. Milton Sneider. Hatchett complained to this doctor of pain behind the breastbone of 4 days duration.

After leaving the doctor's office some prescriptions were filled and the Hatchetts returned home where Morris Hatchett went to bed. He was found dead on the morning of March 11, 1961.

Two physicians testified on behalf of the petitioner. Dr. Milton J. Sneider, the physician and surgeon who treated Morris Hatchett on March 10, 1961, testified that when he saw Hatchett in his office on March 10 he was complaining of pain behind the breastbone of 4-day duration. His diag-

nostic impression was that Hatchett was having a coronary attack. Dr. Irving M. Forman, an internist, also testified in behalf of the petitioner. His testimony was limited to an opinion based on a hypothetical question. The doctor was of the opinion that the cause of death was "involved" with the decedent's final work episode. The doctor was further of the opinion that during the 4-or-5-day period before the alleged date of accident the decedent showed definite heart disease and that any exertion whatsoever would be harmful and a precipitating factor, even such things as driving to work, going out to visit the doctor, or walking up and down stairs, all of which were done by the decedent.

Appellant contends on appeal that where an employee suffers the onset of a coronary attack prior to reporting for work; was not at work during the onset of said attack; and his complaints and physical condition were the same prior, on, and subsequent to the date of the alleged occurrence, the fact that the employee worked on the day in question is but a fortuitous event, and a finding of compensability is, as a matter of law, contrary to the manifest weight of the evidence. Appellant further contends that a hypothetical question to decedent's physician was improper; that proper notice was not given the employer; and that a death certificate was erroneously included in the transcript.

This court has often held that if a man's heart gives way under the stress of his normal duties and there is medical evidence to establish causal relationship between the disability or death and the work performed, the payment of compensation is in order. (*Clifford-Jacobs Forging Co.* v. *Industrial Com.* 19 Ill.2d 236; *Bethlehem Steel Co.* v. *Industrial Com.* 6 Ill.2d 290; *Laclede Steel Co.* v. *Industrial Com.* 6 Ill.2d 296; *Town of Cicero* v. *Industrial Com.* 404 Ill. 487; *Carson-Payson Co.* v. *Industrial Com.* 340 Ill. 632.) We have held this to be the rule even in those instances where the employee had a previously existing heart condition which is aggravated by a coronary attack while

performing physical labor for his employer. *Town of Cicero* v. *Industrial Com.* 404 Ill. 487; *Jones Foundry and Machine Co.* v. *Industrial Com.* 303 Ill. 410.

The guiding principle in determining causal connection between employment and coronary disability was stated by this court in *Republic Steel Corp.* v. *Industrial Com.* 26 Ill.2d 32, 45: "To come within the statute the employee must prove that some act or phase of the employment was a causative factor in the ensuing injury. He need not prove it was the sole causative factor, nor even that it was the principle causative factor but only that it was a causative factor in the resulting injury."

A review of the leading heart decisions of this court cited by the appellant and appellee shows that in each case a coronary attack occurred while on the job and was attributable to specific incidents. In these and other cases decided by this court the theory has always been that the employment must be at least a causative factor giving rise to the coronary attack.

Counsel for the appellees cites our recent opinion in *Bruno* v. *Industrial Com.* 31 Ill.2d 447, as authority for the Industrial Commission's award of compensation in this case. In the *Bruno* case the employee, a part-time janitor, was found dead on top of a coal pile in the coal bin of the apartment building where he was employed. As in this case, there were no eyewitnesses to any duties actually performed but only evidence of the usual duties of his employment. However, in the *Bruno* case this was coupled with circumstantial evidence that the deceased had engaged in physical labor that day. This court held that the circumstances of that case involved a question of fact calling for the Industrial Commission to weigh the conflicting evidence as to whether or not the employee's death resulted from a compensable heart attack which occurred while he was in the course of his employment. The Industrial Commission made such a finding of fact and this court held that it would not weigh

the conflicting evidence and substitute its judgment for that of the Commission, when the findings were not contrary to the manifest weight of the evidence.

Here, however, the facts are uncontradicted. Both Dr. Sneider and the wife of the decedent testified that Morris Hatchett was suffering from a coronary attack of a 4-day duration and that the pains in his chest and shortness of breath commenced 4 or 5 days prior to March 10, 1961, the date of the alleged accident, and at a time when the employee was not working. The medical expert, Dr. Forman, testified that in such a condition any exertion whatsoever would be harmful.

Where an employee suffers the onset of a coronary attack at some time prior to reporting for work and his complaints and physical condition are the same prior, on, and subsequent to the date of the alleged occurrence, the mere fact that the employee reported for work on the day in question and left early is not sufficient to establish a causal relationship between his employment and resulting injury. There is no evidence that the initial heart attack bore a relationship to the employment and the proof shows that the condition of the employee was the same before, during and after his brief period at the foundry..

There are no Illinois decisions directly on point on this issue. The problem, however, has been reviewed by the New York court in the case of *Burris* v. *Lewis,* 2 N.Y.2d 323, 141 N.E.2d 424. There the court, in denying the claim for compensation stated: "But where, as here, a heart has deteriorated so that any exertion becomes an over-exertion, where the mere circumstance that the employee was engaged in some kind of physical labor is what impels the doctor to testify that his work caused his death, we would have reached a point, if this award were to be upheld, where all that is necessary to sustain an award is that the employee shall have died of heart disease."

It should be noted that unlike the *Burris* case, there is

no evidence that the decedent engaged in any physical labor on March 10, but merely that he reported for work. We accordingly hold that decedent's widow is not entitled to compensation. It is therefore unnecessary to decide the remaining issues raised in the appellant's brief.

For the reasons stated the judgment of the circuit court of Cook County confirming the award of the Industrial Commission is reversed.

*Judgment reversed.*