474

(No. 39864.—

ILLINOIS BELL TELEPHONE Co., Appellant, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(JOSEPHINE M. STOCKER *et al.*, Appellees.)

*Opinion filed Sept. 23, 1966.—Rehearing denied Oct. 27, 1966.*

SIDLEY, AUSTIN, BURGESS & SMITH, of Chicago, DONALD H. SHARP, JAMES W. KISSEL, and ALEXANDER C. ALLISON, of counsel,) for appellant.

LEWIS P. GAINES and LESTER SHAPIRO, both of Chicago, for appellees.

Mr. CHIEF JUSTICE KLINGBIEL delivered the opinion of the court:

The circuit court of Cook County confirmed an award of workmen's compensation against Illinois Bell Telephone Company for the death of an employee, William F. Stocker. The company appeals, contending there is no credible evidence to show a causal connection between his duties and his death.

Death occurred as a result of a heart attack at decedent's home about 11:45 P.M. on February 19, 1963. For many years he had worked as a lineman but in 1959 he suffered a heart attack (unconnected with his work), was hospitalized for two weeks and off work for several months. When he returned the company provided him with a light clerical job at his same salary. This consisted principally of working at a desk where he cross-checked data on punch cards and inventory records. At times he would go on errands with papers or records.

On February 19, 1963, the day of his death, he delivered some papers to another office about four blocks away. He walked each way, and not long after he returned he began to perspire and feel ill. He asked his supervisor (who also had heart trouble) for a nitroglycerin pill, saying he had forgotten his own. After taking the pill he got relief, his color returned, and he stopped perspiring. The company medical department was nevertheless called and a Dr. Mason arrived in less than ten minutes. The doctor talked with Stocker and examined him, finding a normal pulse but an elevated blood pressure of 170/100. He suggested that Stocker be taken home. Stocker objected, saying he felt fine and anyway had more peace and quiet at work than at home. Nevertheless his supervisors drove him to his home, where he lay down on a couch.

He had his dinner there without getting up, and later watched television. About 11:45 P.M. that evening, as he was watching television with his wife, he made gurgling noises and became unconscious. An ambulance was called which took him to the hospital, but he was found dead on arrival. The cause of death was a myocardial infarction. In May, 1963, the widow applied for benefits under a company plan and was paid some $7000, the payment being for death by sickness not connected with employment.

Two doctors testified on behalf of the claimant that a causal connection existed between Stocker's activities at

work and his subsequent death, basing their opinions on the fact that he had a pre-existing heart condition and that walking magnified the work effort. Dr. Mason and two other physicians testified that on the afternoon in question Stocker had some angina pain which was relieved by nitroglycerin, that a myocardial infarct is something totally different, resulting from a blood clot preventing passage of blood to the heart muscle, and that there was no relationship between Stocker's employment and his death.

The company insists that the claimant's expert witnesses failed to account for certain undisputed facts in their answers to hypothetical questions, and that their opinions of causal relationship are of no value. It is argued that the incident at work could not have been an infarct (the kind of attack from which he died later) because in such cases the victim goes into shock, his blood pressure falls, and he gets no relief from nitroglycerin, whereas Stocker got relief from his discomfort within a few minutes of taking the pill, his blood pressure remained elevated, and there was no indication of shock. It is further pointed out that he was able to move about, climb high steps to his home, eat supper and watch television, all of which would have been impossible had he suffered infarction at work.

The company also contends that the heart attack from which Stocker died did not arise from his employment but from natural risks to which all persons with his disability are exposed. We agree. Under the view of the evidence most favorable to claimant's position we can find no proof that Stocker's duties involved unusual strain, or anything else that would justify attributing the heart attack to his employment. On the day of his death he walked four blocks to deliver some papers, and later returned, no doubt hurrying somewhat because of the wind or other weather condition. But he walked on the streets every day in whatever he might be doing, whether on personal errands or occupational ones. The exertion involved and the risks incurred

are nothing more than those to which the general public is equally exposed, and the record in this case shows Stocker regularly engaged in activities around his home which were at least equally as strenuous as the four-block walk on the day of his death. There is nothing in the facts of this case to show he would not have been equally exposed to the risk of a heart attack entirely apart from his employment. Even the two doctors who testified for the claimant observed that when circumstances were "appropriate" Stocker might have a heart attack regardless of his employment.

The Workmen's Compensation Act requires that an accidental injury or death, to be compensable, must not only be sustained in the course of the employment but must also arise out of it. It must be of such character that it may be seen to have had its origin in the nature of, or have been incidental to, the employment, or it must have been the result of a risk to which, by reason of the employment, the injured employee was exposed to a greater degree than if he had not been so employed. (*Hill-Luthy Co.* v. *Industrial Com.* 411 Ill. 201.) The mere fact that he was at work on the day of his heart attack and left early is not sufficient to establish a causal relationship between his employment and his subsequent death, nor is it enough, where one's heart has deteriorated so that any exertion becomes an overexertion, to merely show that he had engaged in some kind of physical activity before suffering the attack. *National Malleable & Steel Castings Co.* v. *Industrial Com.* 32 Ill.2d 184.

We conclude that the record in this case shows no causal connection between Stocker's employment and the heart attack from which he died. The award was against the manifest weight of the evidence and cannot stand.

The judgment of the circuit court of Cook County is reversed and the award set aside.

*Judgment reversed;*
*award set aside.*