(No. 41020.—)

OKAW HOMES, INC., Appellant, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(Rowena E. Davis, Appellee.)

*Opinion filed May 29, 1968.*

PHILLIPS, PHEBUS, TUMMELSON & BARTH, of Urbana, (HURSHAL C. TUMMELSON and JOHN T. PHIPPS, of counsel, ) for appellant.

HAYES & MOORE, of Champaign, (ROBERT P. MOORE and CHARLES HENDRIX, of counsel,) for appellee.

Mr. JUSTICE KLUCZYNSKI delivered the opinion of the court:

Respondent, Okaw Homes, Inc., appeals from a judgment of the circuit court of Champaign County confirming the Industrial Commission's award of compensation to claimant, Rowena E. Davis, for her husband's fatal heart attack. The sole question presented is whether his death arose out of his employment.

On December 7, 1964, the decedent, Gale Davis, age 55, was sent by respondent, for whom he had worked for four or five years, to the home of Mrs. Barbara Satterfeal in Urbana, Illinois, to fix a stuck kitchen door. No one being there when he arrived, he let himself in and commenced work. Later in the day, the owner returned and found Davis dead on the kitchen floor. His tools and the bottom two hinge pins from the door were on a nearby table while his coat and wooden shavings were on the floor. The door on which he had been working was in place, being held there by the topmost hinge pin. Its weight was estimated at 60 to 75 pounds.

Following an autopsy, the cause of death was determined to be a ruptured aneurysm of the aorta. Decedent had no prior history of heart trouble or other serious illness and had made no complaint of pain on the day in question.

Two carpenters testified concerning the normal, customary method of repairing a stuck door. Their testimony established that the door would have to be taken off its hinges, laid down on the floor with the edge that required planing facing up, and then rehung. It was also established that this procedure when working with a 60 to 75 pound door placed a definite strain on the body.

Dr. Stanley Bobowski, the pathologist who performed the autopsy, testified for respondent concerning the cause of the fatal attack. He stated that the aneurysm which ruptured was due to an arteriosclerotic condition (a condition which causes the elastic fibers of the aorta to degenerate over a period of time), that the condition which he observed had been building up over a long period of time, that it was "quite advanced", and that, in his opinion, Davis's heart could collapse or "blow out" while he was sitting quietly or perhaps straining, "either way." Dr. Orville T. Bonnert testified for claimant. In response to a hypothetical question which assumed the fact that Davis had removed, planed and rehung the kitchen door in the Satterfeal home, he stated that there could be a causal relationship between such activity and the cause of Davis's death.

This court recently had occasion, in *Rock Road Construction Co.* v. *Industrial Com.*, 37 Ill.2d 123, to study "the recurring problem of the compensability of a fatal heart attack under the Illinois Workmen's Compensation Act", and the principles announced in that case are controlling here. There, we reaffirmed our statement in *Republic Steel Corp.* v. *Industrial Com.*, 26 Ill.2d 32, 45, that: "We have not heretofore held, and do not now hold that because a heart attack occurs at work, it is automatically compensable. To come within the statute the employee must

prove that some act or phase of the employment was a causative factor in the ensuing injury. He need not prove it was the sole causative factor nor even that it was the principal causative factor, but only that it was *a* causative factor in the resulting injury. In the absence of such proof, the injury is not compensable." We also reaffirmed that: "This standard is limited by the rule that, where one's heart has deteriorated to such an extent that any exertion becomes an over-exertion, it is not sufficient to merely show that the employee has engaged in some job-connected physical activity prior to his attack. *Illinois Bell Telephone Co.* v. *Industrial Com.,* 35 Ill.2d 474, 477. See also *National Malleable & Steel Castings Co.* v. *Industrial Com.,* 32 Ill.2d 184." (37 Ill.2d at 127.) Whether such activity was a causative factor in decedent's death in *Rock Road Construction Co.* was a subject of disagreement among the medical experts. Under these circumstances we affirmed the award of compensation, although we said: "It seems likely from this record that the ultimate result of decedent's heart condition would have been death at some indeterminate future date", because, faced with this conflicting testimony, it was for the Commission to determine whether the necessary causal relationship was present (*Douglass and Co.* v. *Industrial Com.,* 35 Ill.2d 100, 105) or whether decedent's condition had progressed to the point where any exertion became an overexertion, and its findings on those questions were not against the manifest weight of the evidence. *Gould National Batteries, Inc.* v. *Industrial Com.,* 34 Ill.2d 151.

In the present case, there is also a conflict in the medical testimony concerning the causal relationship between decedent's job-connected physical activity and his death. Respondent argues that claimant's medical testimony should be discredited because the hypothetical question assumed that the decedent was in good health prior to the fatal attack, whereas the autopsy findings conclusively contra-

dicted this, and that decedent had taken off and rehung the heavy door, which fact was allegedly not in evidence. This argument is not well taken because the hypothetical question also contained, as assumed facts, the autopsy findings, thus presenting a fair statement of Davis's condition prior to his attack. Also, the carpenter's testimony and the physical evidence give rise to the strong inference that decedent had removed and rehung the door, making the inclusion of a statement to that effect in a hypothetical question proper.

Under the authority of *Rock Road Construction Co.*, the issues dispositive of this cause were factual ones for the Commission's determination. Since its findings are not against the manifest weight of the evidence, the circuit court properly sustained the award of compensation based on these findings.

*Judgment affirmed.*