(No. 47847.-

WILLIAM SERSHON, Appellant, v. THE INDUSTRIAL COMMISSION *et al.*—(M.P.L., Inc., Appellee.)

*Opinion filed May 28, 1976.*

Charles T. Booher, Jr., of Chicago, for appellant.

Kane, Doy & Harrington, of Chicago (Arthur O. Kane and John S. Hayes, of counsel), for appellee.

MR. JUSTICE RYAN delivered the opinion of the court:

William Sershon, claimant, has appealed to this court pursuant to our Rule 302(a) (58 Ill.2d R. 302(a)) to review a decision of the circuit court of Cook County in a workmen's compensation case. The arbitrator found that the claimant had failed to prove that he sustained accidental injuries arising out of and in the course of his employment. The Industrial Commission affirmed the arbitrator's determination, and the circuit court of Cook County confirmed the decision of the Industrial Commission.

Claimant testified before the arbitrator that he was employed by M.P.L., Inc., as a supervisor of a shipping and receiving department. He had been working for that company for about two weeks. He reported to work at 7 a.m. on Monday, March 13, 1972. At some time between 8 a.m. and 9 a.m. he left his desk to ride an elevator to a lower floor.

Claimant stated that he reached up to close an overhead elevator door and slipped as he started to close it.

He testified that he stretched himself out of shape as he reached back up again, and that he felt chest pains at that time. Approximately one half hour later, the chest pains increased when claimant attempted to clear a box of tubing from an aisle.

After informing his superior of the chest pains, claimant reported to the company physician, Dr. Jacobs, who told him to go to the Bethany Methodist Hospital to have an electrocardiogram. He returned to work for about a half hour and then went home for a short time before proceeding to the hospital. Claimant testified that he collapsed in the emergency room almost immediately upon arrival. He was taken to the intensive care unit and remained in the hospital for 28 days. The final diagnosis was that claimant had a myocardial infarction.

Dr. John Moran, who examined claimant approximately nine months after his collapse, testified for the claimant. His examination revealed that claimant's heart was "stiffer than normal" and that "certain pressures in the heart were abnormally elevated." Tests also showed abnormal cholesterol and abnormal blood glucose. He testified that "the exercise electrocardiogram was grossly abnormal. *** It showed that in exercise Mr. Sershon developed signs of heart injury." Dr. Moran further testified that this condition was of a permanent nature, though on cross-examination he stated that the myocardial infarction had healed. In response to an "academic question," Dr. Moran stated that myocardial infarction can be aggravated by strain.

Claimant also placed the entire hospital record into evidence. These records conflicted with his own testimony on an important point. Claimant testified that the chest pains did not begin until after the incident on the morning of March 13. The hospital records, however, indicate that the pains began on Sunday, March 12. This information appears in the emergency room report and in a patient history prepared by Dr. Jacobs, the treating physician.

Both reports state that the pain was "described as chest tightening." Claimant denied that he had given such information to anyone either before or after his admittance to the hospital. He did testify, however, that he had been to the zoo with his family on March 12 and that he had been "horsing around" and "running around."

The only evidence presented by the defendant was the medical report of Dr. William Buckingham, who examined claimant approximately ten months after his hospitalization. This report was first received in evidence at the review hearing before the Industrial Commission. Dr. Buckingham's findings were that claimant had a myocardial infarction as a result of occlusion of the coronary artery. "This was due to an accumulation of lipid substances in the wall of the artery." His opinion was that this condition was not caused or aggravated by claimant's employment.

The Industrial Commission affirmed the arbitrator's finding that the claimant had failed to establish a causal connection between his employment and the injury in question. The determination of factual disputes and the resolution of conflicting testimony is primarily the function of the Commission, and its findings will not be disturbed on review unless contrary to the manifest weight of the evidence. *Ford Motor Co. v. Industrial Com.* (1976), 62 Ill.2d 337; *Converters, Inc. v. Industrial Com.* (1975), 61 Ill.2d 218; *City of Chicago v. Industrial Com.* (1974), 59 Ill.2d 284.

Claimant's evidence on the question of causation consists of his own testimony and that of Dr. Moran. Although the doctor testified that myocardial infarction can be aggravated by strain, he did not testify that there was any causal connection between claimant's condition and his activities on March 13. Respondent's expert, on the other hand, was of the opinion that there was no causal link between claimant's heart condition and his employment.

Claimant's own testimony as to when the chest pains first began was contradicted by the medical records

admitted into evidence. From these records, the Commission could have reasonably concluded that the onset of the coronary attack occurred March 12 when the claimant was not at work.

This court summarized the law relating to heart cases which involve preexisting heart conditions in *National Malleable & Steel Castings Co. v. Industrial Com.* (1965), 32 Ill.2d 184, 187-88:

> "This court has often held that if a man's heart gives way under the stress of his normal duties and there is medical evidence to establish causal relationship between the disability or death and the work performed, the payment of compensation is in order. [Citations.] We have held this to be the rule even in those instances where the employee had a previously existing heart condition which is aggravated by a coronary attack while performing physical labor for his employer. [Citations.]
>
> The guiding principle in determining causal connection between employment and coronary disability was stated by this court in *Republic Steel Corp. v. Industrial Com.,* 26 Ill.2d 32, 45: 'To come within the statute the employee must prove that some act or phase of the employment was a causative factor in the ensuing injury. He need not prove it was the sole causative factor, nor even that it was the principle [*sic*] causative factor but only that it was a causative factor in the resulting injury.' "

We conclude from a review of the record that the Industrial Commission's finding that claimant had failed to establish a causal connection between his employment and the injury is not against the manifest weight of the evidence.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*