(No. 50233

MEMORIAL MEDICAL CENTER *et al.,* Appellants, v. THE INDUSTRIAL COMMISSION *et al.*—(Wanna Clemons, Appellee.)

*Opinion filed September 19, 1978.*

276

Henry D. Noetzel & Associates, of Peoria (William J. Thomas, of counsel), for appellants.

Grady E. Holley, of Springfield, for appellee.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

An arbitrator for the Industrial Commission found that petitioner, Wanna Clemons, was permanently and totally disabled as the result of an accidental injury sustained while she was employed by respondent, Memorial Medical Center, and awarded her compensation for permanent and total disability and a pension for life. On review, the Industrial Commission admitted into evidence the report of a physician who had examined petitioner for respondent, and affirmed the arbitrator's decision. On *certiorari* the circuit court of Sangamon County confirmed the decision of the Industrial Commission and respondent appealed. (Supreme Court Rule 302(a), 58 Ill. 2d R. 302(a).) Respondent contends that the judgment must be reversed for the reason that the evidence shows that at the time of the alleged accident petitioner was not subjected to any risks arising out of her employment greater than the ordinary risks to which the general public was exposed. It contends further that

"petitioner's continuing inability to work is due to factors entirely unrelated to any injury sustained in her employment."

The testimony shows that respondent operated Memorial Hospital in Springfield and that petitioner was employed in the hospital's housekeeping department. She had been seated, cleaning chrome on a door. When she stood up, she saw that there was a spot on the door's kickplate. She bent over to polish the spotted area and was unable to straighten up. She was taken to the hospital's emergency room, treated and released. Approximately 17 or 18 days later she was admitted to the hospital and placed in traction and given physical therapy. Following her release from the hospital numbness and pain persisted in her back and legs. She was in the hospital several more times, and on one of the subsequent admissions surgery was performed. Following the surgery she continued to have numbness in her back, was unable to sleep, and suffered severe pain in her back when she attempted to do any sort of work. She wears a back brace at all times and suffers pain when she walks. She is five feet six inches tall and weighs approximately 250 pounds.

Dr. Basilius Zaricznyj, an orthopedic surgeon, called by petitioner, testified that when the conservative treatment of traction and medication did not appear to give her any relief, he performed a laminectomy. The disc between lumbar 5, sacral 1 had not ruptured but was bulging posteriorly. Describing her current condition, he testified: "She has an obvious abnormal disc, the one I removed, because once a disc is injured or removed then it's gone. She is also very overweight, so she has two conditions. She has an abnormal disc and second, she has a chronic lumbral-sacral strain due to her obesity." He expressed the opinion that the accident might or could have contributed to her condition. While agreeing that losing weight would probably lessen her pain, he did not know whether it

would do so to the extent that she could return to work.

Dr. David Chatara, petitioner's family physician, testified that he had been treating her for years for high blood pressure and obesity. While agreeing that high blood pressure can, in some circumstances, be disabling, he stated that in her case it was not. She was able to work prior to the accident but has been unable to work since. He stated that in his opinion the difficulties with her back resulted from the occurrence which she described, that she was disabled and that her condition was permanent.

By deposition, Dr. John G. Meyer, who had examined petitioner for respondent, testified that she had a good range of motion, her pelvic tilt appeared normal and the paravertebral tests indicated that the muscle tissue torn as the result of the lumbar disc problem had healed. He was of the opinion that her elevated blood pressure and obesity caused her disability. Dr. Walter Baisier's report, offered into evidence by respondent, on review, stated that there were not clinical findings of significance except petitioner's obesity.

Citing numerous cases, the most recent being *County of Cook v. Industrial Com.* (1977), 68 Ill. 2d 24, respondent argues that the act of bending forward is a routine motion not peculiar to petitioner's work, that the true cause of her disability was her obesity and that the evidence shows that she was not, as a result of her employment, subjected to any greater risk than the public at large.

In *County of Cook v. Industrial Com.* (1977), 68 Ill. 2d 24, the petitioner had suffered a stroke when she rose from her desk to go to lunch. The Commission awarded compensation and this court reversed on the ground that the petitioner had failed to prove a causal connection between the stroke and the activities of her employment. In contrast, the record shows that both Drs. Zaricznyj and Chatara testified that the act of bending forward contri-

buted to petitioner's injury and that neither Dr. Meyer nor Dr. Baisier expressed an opinion concerning the causal connection between the occurrence and petitioner's condition.

We find apposite here the following statement from *County of Cook v. Industrial Com.* (1977), 69 Ill. 2d 10, 17-18:

"Respondent recognizes that an employer takes his employees as he finds them (*Rock Road Construction Co. v. Industrial Com.* (1967), 37 Ill. 2d 123, 129), and that a compensable injury will be found on a showing that a preexisting illness was aggravated or accelerated by the employment (*Illinois Valley Irrigation v. Industrial Com.* (1977), 66 Ill. 2d 234, 240).

An accidental injury can be found to have occurred, even though the result would not have obtained had the employee been in normal health. (*Republic Steel Corp. v. Industrial Com.* (1962), 26 Ill. 2d 32, 43-44.) If an employee's existing physical structure gives way under the stress of his usual labor, his death is an accident which arises out of his employment. To come within the statute the employee need only prove that some act or phase of the employment was a causative factor of the resulting injury. *Wirth v. Industrial Com.* (1974), 57 Ill. 2d 475, 481.

The mere fact that an employee might have suffered a fatal heart attack, even if not working, is immaterial, for the question before the Commission is whether the work that was performed constituted a causal factor. (*Laclede Steel Co. v. Industrial Com.* (1955), 6 Ill. 2d 296, 302-04.) The sole limitation to the above general rule is that where it is shown the employee's health has so deteriorated that any normal daily activity is

an overexertion, or where it is shown that the activity engaged in presented risks no greater than those to which the general public is exposed, compensation will be denied. (*County of Cook v. Industrial Com.* (1977), 68 Ill. 2d 24, 32-33; *Rock Road Construction Co. v. Industrial Com.* (1967), 37 Ill. 2d 123, 127; *Illinois Bell Telephone Co. v. Industrial Com.* (1966), 35 Ill. 2d 474, 477.) Whether, however, the above factors are present is a question of fact for the Commission. *Okaw Homes, Inc. v. Industrial Com.* (1968), 40 Ill. 2d 81, 84."

As the court observed in *County of Cook v. Industrial Com.,* 69 Ill. 2d 10, 19-20:

"The Commission is entitled to draw reasonable inferences from both direct and circumstantial evidence. This court will not disregard those permissible inferences merely because other inferences might be drawn. *Beloit Foundry v. Industrial Com.* (1976), 62 Ill. 2d 535, 538-39.

Accordingly, we find that the Commission's decision was not against the manifest weight of the evidence."

For the reasons stated the judgment of the circuit court of Sangamon County is affirmed.

*Judgment affirmed.*